I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3/17/09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
MAR 17 2009
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LI CHIEH YU,

    Petitioner,

vs.

JOHN MARSHALL, Warden,

    Respondent.

Case No. CV 08-5852-GHK (RNB)

ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and papers herein, including the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation have been filed by respondent. Having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge, except with respect to the recommended form of relief, as it relates to the issue of credit for parole. While the Court concurs with the Magistrate Judge that the relief should place petitioner in the same position he would have been in if his due process rights had not been violated (see Burnett v. Lampert, 432 F.3d 996, 1000 (9th Cir. 2005); McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003); Tripp v. Cate, No. C 07-05748 CW, 2009 WL

248368, at *12 (N.D. Cal. Feb. 2, 2009)), the Court disagrees with the Magistrate Judge's recommended wording of the form of relief.

IT THEREFORE IS ORDERED that:

1. Respondent's request that the Court defer ruling in this matter until the final disposition of <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir.), <u>reh'g en banc granted</u>, 527 F.3d 797 (2008), is denied. <u>See</u> <u>Yong v. I.N.S.</u>, 208 F.3d 1116, 1120-21 (9th Cir. 2000).

2. Judgment be entered granting a writ of habeas corpus as follows: The Board shall find petitioner suitable for parole at a hearing to be held within 30 days of the finality of this decision, unless new evidence of his conduct in prison or change in mental status subsequent to the September 5, 2007 parole consideration hearing is introduced that is sufficient to support a finding that petitioner currently poses an unreasonable risk of danger to society if released on parole; and in the absence of any such new evidence showing petitioner's unsuitability for parole, the Board shall calculate a prison term and release date for petitioner in accordance with California law. Further, if the release date already has passed, respondent shall, within ten (10) days of the Board's hearing, release petitioner from custody. With respect to his presumptive period of parole, petitioner is to be credited for any time that has lapsed since the release date calculated by the Board or February 4, 2008 (when a finding of suitability at the September 5, 2007 parole consideration hearing would have become final pursuant to Cal. Penal Code §§ 3041(b) and 3041.2(a)), whichever is later.

Dated: 3/12/09

GEORGE H. KING
UNITED STATES DISTRICT JUDGE